IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-113-D

MICHAEL SCOTT DAVIS, et al, )
)
                 Plaintiffs, )
)
v. ) **ORDER**
)
BRIAN RATLEDGE, et al., )
)
                 Defendants. )

On June 24, 2025, Michael Scott Davis ("Davis") and Stetson Mansfield Webster ("Webster") (collectively "plaintiffs") moved to file a second amended complaint [D.E. 12]. On July 1, 2025, Davis and Webster moved for a temporary restraining order ("TRO") [D.E. 13] and filed a memorandum in support [D.E. 14]. Davis and Webster allege an "extra-judicial conspiracy" among several North Carolina state judges and other individuals to deprive Davis of his purported parental rights under a 2019 Wake County District Court custody order. [D.E. 13] 2; see [D.E. 13-1] 1–19. As explained below, the court denies plaintiffs' motion for a TRO and denies plaintiffs' motion to file a second amended complaint.

On February 28, 2015, Davis and Webster filed a sprawling 89-page complaint. See [D.E. 1]. On March 21, 2025, Davis and Webster filed a near-identical 85-page amended complaint. See [D.E. 7]. On May 12, 2025, the court gave David and Webster until June 12, 2025, to serve the amended complaint. See [D.E. 9] 1. On June 23, 2025, the court denied David and Webster's motion to file yet another amended complaint. See [D.E. 11] 1; Fed. R. Civ. P. 8(a).

Davis and Webster admit that they failed to comply with the court's order to serve defendants with the amended complaint by June 12, 2025. Compare [D.E.9] 1, with, [D.E. 12] 1 ("As of the date of this filing, no defendant has been formally served with process."). Moreover, Davis and Webster failed to serve their complaint within 90 days of filing and have not shown good cause for any more extensions. See, e.g., Fed. R. Civ. P. 4(m); Gelin v. Shuman, 35 F.4th 212, 218 (4th Cir. 2022); Bolden v. City of Topeka, 441 F.3d 1129, 1148–49 (10th Cir. 2006) (analyzing Rule 4(m) under the old 120-day peroid). Thus, the court dismisses the amended complaint without prejudice. Without an operative complaint, plaintiffs' pending motions for a TRO and to file a second amended complaint are moot. See Mitchell v. N.C. Div. of Emp. Sec., 76 F. Supp. 3d 620, 628 (E.D.N.C. 2014), aff'd, 599 F. App'x 517 (4th Cir. 2015) (per curiam) (unpublished). Accordingly, the court denies as moot plaintiffs' motions for a TRO and to file a second amended complaint.

Alternatively, the court considers plaintiffs' motions on the merits. A motion for a TRO follows the same standard applicable to a motion for a preliminary injunction. See U.S. Dep't of Lab. v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). Davis and Webster must establish that (1) they are likely to succeed on the merits, (2) they are likely to suffer irreparable harm absent preliminary relief, (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest. See, e.g., Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Centro Tepeyac v. Montgomery Cnty., 722 F.3d 184, 188 (4th Cir. 2013) (en banc). A TRO "is an extraordinary remedy never awarded as of right." Winter, 555 U.S. at 24; see Di Biase v. SPX Corp., 872 F.3d 224, 230 (4th Cir. 2017); Mitchell, 76 F. Supp. 3d at 628. Moreover, mandatory injunctive relief is "warranted only in the most extraordinary circumstances." Pierce v. N. Carolina State Bd. of Elections, 97 F.4th 194, 209 (4th Cir. 2024) (quotation omitted).

Davis and Webster are unlikely to succeed on the merits. Davis and Webster seek a mandatory preliminary injunction concerning child custody, but merely state that defendants have committed "clear violation of the Fourteenth Amendment and [engaged in an] actionable conspiracy." [D.E. 13] 5. Such "conclusory statements" do not suffice. Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009); see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, Davis and Webster are unlikely to succeed on the merits, and the court denies their motion for a TRO.

As for the motion to file a second amended complaint, the court denies the motion as futile. "An amendment is futile if the amended complaint would fail to state a claim upon which relief can be granted." Johnson v. Allen, 416 F. Supp. 3d 550, 562 (E.D.N.C. 2018); see, e.g., Fed. R. Civ. P. 12(b)(6); United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 375 (4th Cir. 2008). To state a a claim, a pleading "must contain sufficient factual matter, accepted as true, . . . that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 554–63; Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). A court need not accept as true a proposed amended complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a plaintiff's factual allegations must "nudge[] [his] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79.

When evaluating a proposed amended complaint, a court considers the pleadings and any materials "attached or incorporated into the [proposed amended] complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005). A court may also consider a document submitted by a moving party

3

if it is "integral to the complaint and there is no dispute about the document's authenticity." Goines, 822 F.3d at 166. Additionally, a court may take judicial notice of public records without converting the motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

The proposed amended complaint, though much shorter, is just as outlandish as its two predecessors. See [D.E. 12-1] 1–35. Davis and Webster obsessively focus on judicial immunity and abstention doctrines, but fail to explain how the alleged facts support their claims. See id. Most claims in the proposed amended complaint are conclusory. See [D.E. 12-1] 1–35. Moreover, Davis and Webster fail to plausibly allege facts, or coherent legal theories, that state a claim. See, e.g., Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 554–63; United States ex rel. Angel v. Scott, 697 F. Supp. 3d 483, 495 (E.D. Va. 2023). Thus, the court denies plaintiffs' motion to file a second amended complaint as futile.

In sum, the court DISMISSES WITHOUT PREJUDICE the amended complaint [D.E. 7] and DENIES as moot plaintiffs' motion to file a second amended complaint [D.E. 12] and motion for a TRO [D.E. 13]. The clerk shall close the case.

SO ORDERED. This _3_ day of July, 2025.

                                              JAMES C. DEVER III
                                              United States District Judge